## GORDON *v.* NORRIS & *a.*

One of the selectmen of a town, before assessing a tax, called on the plaintiff, and asked her if she had any money, to which she replied that she had only about $100 on hand or at interest. He then asked her if she would make a statement on oath, and she refused, saying that " they ought not to pay any more taxes; they had paid enough." *Held*, that this was a sufficient application to her for an account of her property.

Unless there be evidence to the contrary, the presumption is that the selectmen make an invoice seasonably, in the month of April.

When the selectmen set down, by way of doomage, " as much as they judge equitable," it is not necessary that they should specify the nature of the property as being in money, cattle, land, &c.

CASE, against the defendants for unlawfully assessing a tax upon the plaintiff by the defendants, as selectmen of Epping, in the year 1846, and compelling her, through their tax collector, to pay the sum of $27,19 tax, said to be unlawfully assessed, and $     in costs, &c.

It appeared that the defendants were selectmen of Epping that year, and assessed the tax, and compelled the plaintiff to pay it on the 9th day of January, A. D. 1850, by arresting and imprisoning her. Before assessing the tax, one of the defendants called upon the plaintiff, (who is an aged person,) at her house in Epping, in the spring of 1846, but on what day did not appear, and asked her if she had any money. She said she had only about one hundred dollars on hand or at interest. He then asked her if she would make her statement in regard to her property under oath.

She refused, and said she should not swear; that they ought not to pay any more taxes; they had paid enough. The plaintiff had, on the 1st day of April that year, a note for the sum of $170 due to her, but had no other taxable property, unless a note or agreement she then held, of which the following is a copy, is to be so regarded:

"Stratham, March 28th, 1846.

Due to Sophia Gordon, widow, ten thousand dollars, to be paid as wanted for her support; if no part is wanted, it is not to be paid.

STEPHEN SCAMMON."

The selectmen in due form assessed taxes that year, and assessed the plaintiff as follows:

|  | Doomage. | Money on hand. | State, county and school tax. |
|---|---|---|---|
| Sophia Gordon, | $4,000 | $170 | $28,35 |

And in due form committed the tax to the collector, who enforced payment as aforesaid.

The agreement of Stephen Scammon, above referred to, was given under the following circumstances. Scammon married the only daughter of John S. Gordon, late of Epping. Gordon, in the spring of 1845, and shortly before his death, told Scammon he would give him a deed of all his property, if Scammon would give a note to his wife, Sophia Gordon, the plaintiff, for $10,000, which should lie on interest at a certain rate per cent. Scammon made the note and delivered it to Mrs. Gordon, but Gordon died without making the deed. Mrs. Gordon held the note till March, 1846, when Scammon insisted that she should give it up, and told her he would sell the property at auction and pay it if she did not. She gave up the note, and Scammon gave her the agreement above recited.

It was agreed that judgment should be entered in this action according to the opinion of the court on the foregoing case.

*Hatch,* for the plaintiff.

The tax alleged by the defendants was not lawfully assessed.

I.   It does not appear that any notice was given to the plaintiff to return an account of her taxable property, (Comp. Stat. ch. 43, § 2,) nor that application was ever made to her for an account of the " polls and ratable estate," for which she was liable to be taxed.   Comp. Stat. ch. 43; § 3.

She was asked only " if she had any money." No intimation was given to her of the purpose for which the selectmen came to her house.   Nor does it appear that he, in fact, came there to take an account of her taxable property.

The oath required does not appear to have been demanded in reference to the statute.   Comp. Stat. ch. 43, § 4.

It does not appear that the application was made to her in the month of April.   Comp. Stat. ch. 43, § 1.

II.   The defendants assessed the plaintiff $4,000, as " doomage." This they had no right to do.   If the plaintiff had refused to give an account of her taxable property, they could have set down in the invoice such property as they judged equitable.   But it must have been specific property, as money, cattle, land, &c.   Comp. Stat. ch. 43, § 5.

Property only can be taxed.   Comp. Stat. ch. 42.

Selectmen have no authority to assess a fine ; they are to set down in the invoice such property as they conscientiously believe the party possesses.   If they wilfully exceed the amount fairly judged " equitable," they may be liable to an action.

If they set down, by way of doomage, property not subject to taxation, the proceeding would be erroneous.

III.   The plaintiff did not conceal any part of her property

The agreement of Stephen Scammon was not taxable It was like a bond in a penal sum, and it was apparently without any consideration to its amount.

*McMurphy* and *Marston,* for the defendant.

GILCHRIST, C. J.  By chapter 43, section 2 of the Compiled Laws, the selectmen may give notice of the time and place they will receive an account of the polls and estate, by advertisement, &c.

But they are not bound to adopt this course.  By section 3 they may make personal application to the inhabitants for such an account.

It is said that no application for an account was made to the plaintiff.

The case states that one of the selectmen asked her if she had any money, to which she answered that she had only about $100.  He asked her if she would make a statement on oath, and she refused, saying that they ought not to pay any more taxes; they had paid enough.

Now no particular form need be followed in calling for an account.  If it be that in substance, if what is said admits of no misapprehension, it will be enough; and here there could be no doubt.

The law requires that the selectmen shall take an invoice in the month of April.  But if they omit to do so, are no taxes to be collected?  The towns surely cannot relieve themselves of the burden of contributing to the public expenses, by showing that their officers neglected to do their duty.  But there is no presumption against them, or that they omitted to do their duty in the month of April, and in the absence of evidence, we have a right to say that the application was seasonably made.

She refused, then, to give an account.  In that event the selectmen are to set down, by way of doomage, as much as they deem equitable, and that is conclusive, unless the party shows that he cannot exhibit a statement.

It is argued that the selectmen must set down in the invoice " such property as they judged equitable."  But it must have been specific property as " money, cattle, land, &c."

It is enough to say that the statute does not require this.

---

"As much as they judge equitable," are the words of the law, and that has been the course here.

It is not necessary to inquire whether the plaintiff was taxable for the $10,000 due from Scammon, for the doomage was conclusive. What the facts were the selectmen do not seem to have known, and it would be very hard upon them to make them answerable in an action of trespass on account of a state of things unknown to them, and which the plaintiff knew, but did not see fit to communicate to them.

*Judgment for the defendants.*